WILLIAM D. SOHIER, Administrator, *vs.* CHARLES INCHES & others.

A testator left eight children, and gave to his son Charles and four others of them pecuniary legacies each, in order to carry out an intention of the testator's deceased sister; and directed that the residue of his estate should be divided into eight equal parts, to one of which each of his children should be entitled, and that the share of Charles, together with his said legacy, should be raised in money and put in strict trust, and the income paid to him for life, with remainder over; and that Charles should take no part of his real estate; and gave the remaining seven eighths of the residue (which he declared should include all his real estate) to his seven other children by name, with no express provision for their dying before him without issue. One of them died in his lifetime without issue. *Held,* that this child's eighth lapsed, and that Charles was entitled as heir and next of kin of his father to one seventh part of this eighth, both of real and personal estate.

BILL IN EQUITY in the nature of a bill of interpleader by the administrator with the will annexed of the estate of Henderson Inches, which contained the following clauses :

" After all my just debts shall have been paid, the sum of four thousand dollars shall be taken from my estate for the use of each of my five children, Henderson, Charles, Herman, Martin and Caroline, each of them to have said sum of four thousand dollars, to carry out and fulfil the intention of my deceased sister Elizabeth, which was frustrated by want of an opportunity to make it effectual by her will ; she having recently conveyed by deed of gift to my other three children real estate of the estimated value of twelve thousand dollars, and declared her design to be to give each of my other children an equivalent.

" To the residue of my estate, computed at the appraised value thereof in the inventory, which shall be returned into the court of probate, shall be added the several sums charged upon my books against my children respectively, and the aggregate shall be divided into eight equal parts, to one of which each of my children shall be entitled, after deducting from the share of each the sum for which they respectively shall appear to be debtors in my books ; but if such sum shall exceed said eighth part, the balance is to be cancelled and remitted.

" Whatever amount shall, by a computation made as above

prescribed, appear to belong to my son Charles, together with the sum of four thousand dollars, above given on account of my sister's purpose, shall be raised and paid or deposited into and with the Massachusetts Hospital Life Insurance Company, in the city of Boston, in strict trust, so and in such manner and form as that during his life my said son shall receive for his own use, without the power of alienating or anticipating the same, all the net income and annual produce of said sum so paid and deposited. At and after the decease of said Charles, if he shall leave a widow and issue, the income of said fund shall be paid, one moiety for the use of the relict of said Charles, and the other moiety to his issue during the life of such relict. If said Charles shall leave no widow and shall leave issue, then at his decease the principal or capital sum shall be paid and distributed equally to and among the issue of said Charles. And if said Charles shall die leaving a widow and no issue, then the widow shall enjoy the whole income during her life. If, at the decease of said Charles and his widow, if one shall survive him, there shall be no issue of said Charles then living, the principal sum or trust fund shall go to my other children, in equal parts or shares. And I declare my will to be that my said son Charles shall not take nor be entitled to any title or interest in my real estate; but his share or portion, as above provided, shall be raised and paid in money, and the executors of this will, or an administrator with this will annexed, shall have all requisite and needful power to raise the money to fulfil my will concerning said Charles's share. It is also my will that until said Charles's share shall be paid and deposited in said Massachusetts Hospital Life Insurance Co. interest on the amount of said share shall be paid to said Charles, to be computed from the probate of this will.

" The other seven eighths parts of all my estate (and which are to include all my real estate) are to be taken in equal shares by my seven children, Henderson, Elizabeth, Herman, Sarah, Caroline, Charlotte and Martin, subject, however, to the deduction of balances charged against them respectively.

" In case of the decease of any or either of my children be-

fore the receipt of his or her share, leaving issue him or her surviving, such issue shall represent and take the parent's share."

Sarah Inches, one of the testator's children, died during his lifetime without issue ; and the parties submitted to the decree of the court upon the above facts the question whether her share in her father's estate (which was both real and personal property) lapsed, so that Charles Inches was entitled to one seventh thereof as heir at law and next of kin of the testator, or whether it should be held in trust for him like the portion bequeathed to him by his father.

*W. S. Dexter*, for the plaintiff.

*T. Lowell*, for Charles Inches.

Bigelow, J.   We think it very clear that the share which Sarah, one of the testator's children, would have taken under his will, if she had survived him, lapsed by her death during the lifetime of the testator.   The gift to Sarah was of a share of the residue of the testator's estate.   It was not included in a gift to certain of the children as a class, so that the death of one would leave the gift unimpaired to go to the survivors; but it was a bequest of a certain specific share to the deceased child by name.   It can make no difference, that a bequest to the other children of the testator is included in the same clause of the will.   The gift is to each child *nominatim* of a specific share of his estate, and there are no words which indicate any intent to create survivorship.   On the contrary, the bequest is to each absolutely.   Nor is there any provision whatever in the will (except as to the gift to his son Charles, which is immaterial to the present inquiry) for the event of his children dying without issue.   It would seem therefore to be the common case of a specific bequest to a child who deceased before the testator, and to come within the ordinary rule applicable to lapsed gifts or devises.   *Bagwell* v. *Dry*, 1 P. W. 700.   *Lloyd* v. *Lloyd*, 4 Beav. 231.   *Barber* v. *Barber*, 3 Myl. & Cr. 688.   It certainly cannot fall into the residue, because it was itself a part of the residue.   It must therefore pass to the heirs at law as undevised estate.   *Leake* v. *Robinson*, 2 Meriv. 393.   *Doe* v. *Scott*, 3 M. & S. 300.   *Hayden* v. *Stoughton*, 5 Pick. 537.

It is urged that this result defeats the declared purpose of the testator in providing that the share of his son Charles shall be put in trust, and that he shall take no interest in his real estate. But the answer is obvious. The testator did not anticipate or provide for the event of the death of one of his children in his own lifetime. It is a *casus omissus*. The intent so clearly indicated by the testator as to the interest of his son Charles under the will can apply only to that interest. It cannot operate on a specific portion of his estate expressly given to another child, whose death without issue was manifestly not contemplated by the testator.

We are therefore of opinion that the defendant Charles Inches is entitled absolutely, as heir at law, to his proportion of that part of his father's estate which was given by the will to his deceased sister.                      *Decree accordingly.*